## OHIO FINANCE COMPANY v BALESTRINE

Ohio Appeals, 7th Dist, Mahoning Co

No 2473.

Morris Mendelssohn, Youngstown, for Plaintiff-Appellant.

Jas. J. Boyle, Youngstown, for Appellee.

## OPINION

By BENNETT, J.

This case originated before a justice of the peace in Austintown Township, Mahoning County. The plaintiff there sought to recover $62.05 representing a balance due on the purchase price of a washing machine. A cross claim of $150.00 for conversion and loss of use of the machine was filed by the defendant. A jury trial was had and a verdict returned for the defendant upon the petition and a verdict for the defendant against the plaintiff for $50.00 damages. The matter was appealed to the Common Pleas Court. The plaintiff there filed a petition for the same amout and the defendant likewise filed a cross petition, making the same claim of the conversion of the washing machine valued at $100.00 and of an additional damage of $50.00 through loss of the use of the converted machine.

The plaintiff then moved to strike certain allegations from the answer and cross petition. The court sustained this motion (1) as to an allegation that the petition did not state a cause of action, (2) as to striking out the words "unlawfully and fraudulently" as a conclusion of law, and (3) cut down the second defense so that it would read as a flat general denial. The striking could have been done with a pen and would have left substantially the same pleadings as the defendant ultimately re-

lied upon. The court gave leave to file an amended answer by Nov. 9, 1936.

Defendant's counsel had no actual notice of the hearing on the matter or of the disposal made of it. November 9, 1936, came and went. No amended answer was filed and on Ocober 20th, 1937, the plaintiff took a default judgment. This judgment was vacated by Judge Maiden on November 15th, 1937, and the case called for trial on January 4, 1938. At that time the defendant was given leave to file an amended answer and cross petition. Its form may have been somewhat better than the previous pleadings, but its substance was the same as that of the defendant's prior answer and cross petition, and the same as that of the pleading filed with the justice of the peace. The case was then tried to a jury, resulting in a verdict for a balance of $12.95 in favor of the defendant against the plaintiff.

The case is appealed on questions of law, the alleged error being "that the court erred in permitting the defendant to file his answer and cross petition when the case was called for trial which was on the trial list of cases to be tried, to which the plaintiff appellant objected."

The transcript of docket entries shows leave to file answer instanter on January 4, 1938. The Bill of Exceptions shows a motion by plaintiff on January 4, 1938, for judgment on the pleadings. In oral argument counsel stated that he also relied on the overruling of this latter motion as error. The record does not show conclusively which came first, but the only way we can read the record is that the leave to file the answer came first. Consequently, any judgment on the pleadings which could possibly have been given when that motion was made would have been for the defendant on his cross petition, to which no answer had as yet been filed.

The plaintiff contends that prejudicial error was committed when the defendant was given leave to file his amended answer and cross petition at the time of trial, because (1) no summons was ever issued upon it; (2) it was filed long after rule day which his counsel says is controlled by §10398 GC as setting forth a mandatory period which could not be extended; and (3) the cross petition set forth a separate cause of action not permitted to be pleaded as a counterclaim before a justice of the peace.

We feel that the fact that no summons was issued is without importance. In the first place, no summons is necessary. **31 O Jur. "Pleading", §224.** In the next place the plaintiff entered its appearance upon the cross petition by its motion to it, and would have been in court upon it even if a summons were otherwise necessary. And, inasmuch as the amended cross petition contained no new cause of action, it would have been unnecessary to issue summons upon it if summons had been issued on the original one or if the appearance had been entered upon the original one.

**Stover v Bounds, 1 Oh St 107.**
**31 O Jur. "Pleading", §342.**

Nor was it error that the court permitted the cross petition to be filed after rule day. The appellant contends that rule day for pleadings in cases appealed from justices of the peace is determined by §10398 GC and that the last clause in that section provides a mandatory dead line. This is not a fact. The language of the last clause clearly includes the operation of the provision of §11347 GC for extensions of time to plead. Furthermore, at worst, the language appellant's counsel quotes is applicable to original pleadings and cannot be construed to be a prohibition against amendments. In this connection we may point out that the court's sustaining of appellant's motion to the original answer and cross petitions simply struck out some words which left unimpaired the general denial and the substance of the cross petition.

We do not consider that thereafter the defendant was without answer. The court gave leave to file an amended answer and the existence of a new pleading would be desirable, perhaps necessary, before the pleadings could have gone into the jury room. But we do not consider that thereafter the defendant stood as if his original answer had been stricken from the files.

Appellant objects also that the defendant was permitted to file his amended pleading at the trial table. Not only did the new pleading in fact contain nothing new but the record contains no attempt by Mr. Mendelssohn to show any way in which he would be prejudiced in being compelled to go forward. He made no attempt to have the case continued on that or any other ground. We do not think he was in the least prejudiced by the late date of the fil-

ing, but if he was, he took no steps to protect himself against it.

His third contention was that the cross petition was an improper counterclaim or set-off to be pleaded in an action on this account.

The merits of the question were not argued. Suffice it to say that, although the same claim was pleaded and tried out before the justice of the peace, and was set up in the original cross petition and in the amended cross petition, not a word of objection of this nature is found any place in the record. Plaintiff's original motion does not raise such an objection nor does its "Reply and Answer". The record does not show any objection to the introduction of evidence on the issues raised on the cross petition. Consequently, its inclusion cannot be reversible error.

Judgment affirmed.

NICHOLS and CARTER, JJ, concur.